JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
CHRISTOPHER CORTNER

## DEFENDANTS
MARCIA GIUSTI, THOMPSON GIUSTI PROPERTIES, FRIENDLY REAL ESTATE SERVICES

**(b)** County of Residence of First Listed Plaintiff SAN FRANCISCO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of Behrend, Morrison & Alexandra
760 Market St., Ste. 706
San Francisco, CA 94102
(415) 956-0549

Attorneys (If Known)

08-5162 BZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. sections 3601 et seq.
Brief description of cause:
unlawful housing discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 200,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE 11/13/08
SIGNATURE OF ATTORNEY OF RECORD



1  PAUL BEHREND (SBN 235497)
   Law Offices of Behrend, Morrison, and Alexandra
2  760 Market Street, Suite 706
   San Francisco, CA 94102
3  Phone  (415) 956-0549
   Fax    (415) 956-0749
4

5  Attorneys for Plaintiff
   CHRISTOPHER CORTNER
6

7                UNITED STATES DISTRICT COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9
                                        Case No.
10 CHRISTOPHER CORTNER,                  C 08-5162

11                Plaintiff,             COMPLAINT FOR DAMAGES FOR
                                         VIOLATION OF FEDERAL FAIR
                                         HOUSING ACT, CALIFORNIA UNRUH
12 v.                                    ACT, NEGLIGENCE, NEGLIGENT
                                         INFLICTION OF EMOTIONAL DISTRESS,
13                                       INTENTIONAL INFLICTION OF
   MARCIA GIUSTI, THOMPSON GIUSTI        EMOTIONAL DISTRESS, BREACH OF
14 PROPERTIES, FRIENDLY REAL ESTATE      THE COVENANT OF GOOD FAITH AND
   SERVICES, DOES 1-20, INCLUSIVE        FAIR DEALING, VIOLATION OF
15                                       CALIFORNIA BUSINESS &
                  Defendants.            PROFESSIONS CODE SECTIONS 17200
16                                       ET SEQ.

17

18

19                       **INTRODUCTION**

20  1.      This is an action for money damages against Defendants MARCIA GIUSTI,

21  THOMPSON GIUSTI PROPERTIES, FRIENDLY REAL ESTATE SERVICES, and

22  DOES 1-10, INCLUSIVE, whom Plaintiff CHRISTOPHER CORTNER contends violated

23  his civil rights by denying a request for reasonable accommodation pursuant to the federal

24  Fair Housing Act.  Plaintiff also contends that Defendants' acts and omissions constituted

25  unlawful disability discrimination under the California Unruh Civil Rights Act.  Plaintiff

26  further contends that Defendants' acts and omissions created liability under the California

27  tort law of negligence, ngeligent infliction of emotional distress, and intentional infliction

28  of emotional distress, California contract law of breach of the covenant of good faith and

---

**COMPLAINT**

1

1 fair dealing, and constituted unlawful business practices in violation of California Business
2 and Professions Code sections 17200 et seq.

## JURISDICTION AND VENUE

4 2. The United States District Court, Northern District of California is the proper
5 jurisdiction for the bring of this claim pursuant to 42 U.S.C. §§3601 et seq. In addition, the
6 Court has pendent jurisdiction over the violation of California Unruh Civil Rights Act,
7 California tort law claims of negligence, negligent infliction of emotional distress,
8 intentional infliction of emotional distress, California contract law claim of breach of the
9 covenant of good faith and fair dealing, and California Business & Professions Code
10 §17200 et seq.

11 3. The acts and omissions complained of occurred in San Francisco, located in the
12 Northern District of California. Therefore, venue lies in this district in accordance with 28
13 U.S.C. §1391.

## PARTIES

15 4. Plaintiff CHRISTOPHER CORTNER is a Citizen of the United States and currently
16 resides in the County of San Francisco, California.

17 5. Defendant MARCIA GIUSTI is an individual and Plaintiff is informed and believes
18 that she resides in the County of San Francisco, California.

19 6. Plaintiff is informed and believes that Defendants THOMPSON GIUSTI
20 PROPERTIES and FRIENDLY REAL ESTATE SERVICES are businesses whose
21 principal places of business are located in San Francisco, California.

22 7. Plaintiff does not know the true names or capacities of the Defendants sued herein
23 by the fictitious names of DOES 1-20, INCLUSIVE, and therefore sues said Defendants by
24 fictitious names.

## STATEMENT OF FACTS

26 8. Defendants MARCIA GIUSTI, THOMPSON GIUSTI PROPERTIES, and
27 FRIENDLY REAL ESTATE SERVICES were the owners and/or agents of the owners of
28 the residential rental real property located at 260 West Portal Avenue, #6, San Francisco,

**COMPLAINT**

2

1 California 94127 (hereinafter referred to as the "subject premises") at all relevant times
2 herein.
3 9. Defendants DOES 1-20, INCLUSIVE are sued herein under fictitious names
4 pursuant to California Code of Civil Procedure Section 474. Plaintiff will amend this
5 complaint to reflect the true names and capacities of said defendants when the same have
6 been ascertained.
7 10. Plaintiff is informed and believes, and thereon alleges, that all defendants were
8 acting as agents and employees of each other in performing the acts as hereinafter alleged,
9 and at all such times were acting within the course and scope of such agencies and/or
10 employment. Defendants all assisted, advised, abetted and conspired with the other
11 defendants in carrying out the acts herein alleged.
12 11. CORTNER is a disabled person as defined by state and federal law.
13 12. CORTNER has a service dog which is seven years old, trained, well-behaved, and
14 does not bark.
15 13. On August 22, 2008, CORTNER signed and submitted an accurate application to
16 rent the subject premises, a safer neighborhood than he was living in at the time.
17 CORTNER left the section of the application about pets blank because he was unsure
18 whether he would have the dog live with him at the subject premises, or keep the dog at his
19 partner's brother's home, where the dog had been staying.
20 14. DEFENDANTS accepted CORTNER's rental application. DEFENDANTS did not
21 ask CORTNER to clarify whether or not they intended to keep any animal at the subject
22 premises.
23 15. On August 24, 2008, CORTNER signed a one year written lease agreement with
24 DEFENDANTS for the subject premises. The rental term was to begin on September 1,
25 2008.
26 16. On August 26, 2008, at 10:04 a.m., CORTNER informed GIUSTI via email that he
27 had decided to keep his service dog at the subject premises. CORTNER explained that his
28 service dog is seven years old, trained, well-behaved, and does not bark, and that it has

**COMPLAINT**

3

1  never caused damaged or received complaints. CORTNER offered to provide his dog's
2  service ID number for confirmation with San Francisco Animal Care and Control.
3  CORTNER explained that he would accept liability in the unlikely event that his dog
4  damaged the subject premises.

5  17.    At 11:21 a.m. the same day, GIUSTI responded via email, stating that she was upset
6  at CORTNER's request to keep his service dog at the subject premises.

7  18.    CORTNER responded at 11:51 a.m. that he had not mentioned the dog on the
8  application because he was previously unsure whether or not the dog would move in with
9  him or stay with his partner's brother. CORTNER explained that California law protects
10 him against discrimination based on his disability.

11 19.    GIUSTI responded at 12:46 p.m., denying discrimination, and requesting
12 documentation on CORTNER's service dog.

13 20.    At 8:27 p.m., CORTNER responded with his dog's assistance dog identification tag
14 number and San Francisco dog license number, and explained that he needs the service dog
15 to alleviate and improve symptoms of depression and anxiety, and reiterated that the dog is
16 quiet and well-behaved.

17 21.    On August 27, 2008, at 2:18 p.m., GIUSTI responded that she would like to
18 accommodate CORTNER but felt "violated." GIUSTI stated that she preferred that
19 CORTNER "just walk away from this lease." She stated that she would be willing to pay
20 CORTNER $1,000 if he would release her from the lease and sign a mutual release.
21 GIUSTI stated: "my heart is just not in to this" and "I don't want to go to mediation or
22 arbitration over this nor risk a discrimination suit."

23 22.    The same day at 3:26 p.m., CORTNER responded that he had never been dishonest,
24 that he felt insulted by GIUSTI's offer to pay him $1,000 to walk away from the lease
25 because he's disabled, and that he had been adversely affected by GIUSTI's actions.

26 23.    At 3:44 p.m., GIUSTI responded that she would move forward with the lease, and
27 requested medical documentation regarding CORTNER's need for his service dog.

28

**COMPLAINT**

4

24. CORTNER faxed the requested information to GIUSTI. On August 28, 2008, at 1:36 p.m., GIUSTI acknowledged receipt of the fax.

25. On August 31, 2008, at 11:25 a.m., CORTNER emailed GIUSTI, asking "How shall I go about getting the keys."

26. At 11:36 p.m. the same day, GIUSTI sent the following response: "Please see Item #37 of the lease agreement. I will be mailing back your check tomorrow. I am truly sorry for any inconvenience this causes you."

27. CORTNER was not allowed to move into the subject premises and was forced to find other housing.

**FIRST CAUSE OF ACTION**
**42 U.S.C. §§3601 et seq. (Violation of Fair Employment & Housing Act)**

28. CORTNER realleges and incorporates the allegations of paragraphs 1 through 20 above as though fully set forth herein.

29. CORTNER is, and at all times relevant herein has been, disabled within the meaning of the Fair Housing and Employment Act, Government Code §12900 et seq.

30. DEFENDANTS have actual and constructive knowledge of CORTNER's disabilities.

31. DEFENDANTS have discriminated against CORTNER because of his disabilities by refusing to make reasonable accommodations in rules, policies, practices or services at the premises which are necessary to afford plaintiff equal opportunity to use and enjoy the subject premises. By failing to make reasonable accommodations in rules, policies, practices or services at the premises, DEFENDANTS violated Government Code section 12955.

32. As a direct and proximate result of DEFENDANTS' violation of Government Code section 12955, CORTNER was specially injured and suffered pain, discomfort, annoyance, inconvenience, anxiety, economic loss, loss of use, and mental anguish, all to his detriment in amounts to be determined at trial.

**COMPLAINT**

5

33. CORTNER is entitled to a reasonable attorney's fee under this cause of action.

34. The conduct of DEFENDANTS alleged above was deliberate, willful and malicious. CORTNER is therefore entitled to punitive damages in amounts to be determined at trial.

## SECOND CAUSE OF ACTION
### (Discrimination in Violation of California's Unruh Civil Rights Act)

35. CORTNER realleges and incorporates the allegations of paragraphs 1 through 20 above as though fully set forth herein.

36. CORTNER is disabled and has medical conditions within the meaning of Govt. Code section §12900, et seq. and as such is entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all establishments of any kind whatsoever.

37. In denying the reasonable accommodation requested, DEFENDANTS are discriminating against CORTNER based on his personal characteristics of being disabled and having medical conditions and have violated Civil Code Section 51, et seq.

38. Section 52(a) of the Civil Code provides for an award of actual damages suffered by any person denied the rights provided by Civil Code § 51 and any amount that may be determined by a jury or court, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars and any attorneys' fees that may be determined by the court in addition thereto.

39. A violation of the right of any individual under the Americans with Disabilities Act of 1990, shall also constitute a violation of this action.

## THIRD CAUSE OF ACTION
### California Tort Law
### (Negligence)

40. CORTNER realleges and incorporates the allegations of paragraphs 1 through 20 above as though fully set forth herein.

COMPLAINT

6

41. By reason of the contractual relationship between DEFENDANTS and CORTNER, each defendant owed duties to CORTNER.

42. DEFENDANTS, by their acts and omissions described above, negligently and carelessly operated and managed the subject premises, and thereby breached duties owed to CORTNER.

43. As a direct and proximate result of the aforementioned acts and omissions of DEFENDANTS, CORTNER has suffered general and special damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### California Tort Law
### (Negligent Infliction of Emotional Distress)

44. CORTNER realleges and incorporates the allegations of paragraphs 1 through 20 above as though fully set forth herein.

45. At all times mentioned herein, DEFENDANTS had a duty to exercise due care toward CORTNER and to refrain from carelessly, negligently, and arbitrarily inflicting emotional distress upon him.

46. DEFENDANTS breached the aforesaid duty of care by, inter alia, failing to comply with all applicable state and local laws governing CORTNER's rights.

47. As a direct and proximate result of the conduct by DEFENDANTS, CORTNER has suffered serious emotional distress which under the same circumstances a reasonable person would be unable to cope with.

48. DEFENDANTS knew, or should have known, that their failure to exercise due care with regard to the aforementioned conduct would cause CORTNER severe emotional distress. Therefore, DEFENDANTS' conduct was malicious and CORTNER is entitled to recover punitive damages in an amount according to proof.

## FIFTH CAUSE OF ACTION
### California Tort Law
### (Intentional Infliction of Emotional Distress)

COMPLAINT

7

49. CORTNER realleges and incorporates the allegations of paragraphs 1 through 20 above as though fully set forth herein.

50. DEFENDANTS acted with reckless disregard of the probability that their acts would cause CORTNER severe emotional distress.

51. DEFENDANTS' acts and omissions constitute extreme and outrageous behavior, and were intentionally and maliciously done for the purpose of causing CORTNER to suffer mental anguish and emotional and physical distress.

52. As a direct and proximate result of DEFENDANTS' acts and omissions, CORTNER has suffered humiliation, mental anguish and emotional and physical distress and continues to suffer extreme emotional and physical distress in an amount according to proof at trial.

53. DEFENDANTS committed the acts alleged above maliciously, fraudulently, and oppressively, with the wrongful intention of injuring CORTNER, and acted with an improper and evil motive amounting to malice and in conscious disregard of CORTNER's rights.

54. Because the acts taken towards CORTNER were carried out by DEFENDANTS acting in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage CORTNER, CORTNER is entitled to recover punitive damages in an amount according to proof.

### SIXTH CAUSE OF ACTION
### California Contract Law
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

55. CORTNER realleges and incorporates the allegations of paragraphs 1 through 20 above as though fully set forth herein.

56. DEFENDANTS, and each of them, covenanted to deal with CORTNER in good faith and fairly.

57. By reason of the conduct of DEFENDANTS toward CORTNER, DEFENDANTS breached the implied covenant of good faith and fair dealing as to CORTNER, which covenant is implied into every contractual relationship in California.

**COMPLAINT**

1  58.  As a direct and proximate result of this breach of the implied covenant of good faith
2  and fair dealing by DEFENDANTS, and each of them, as heretofore alleged, CORTNER
3  has suffered special and general damages in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION
### California Business and Professional Code §§ 17200 et seq.

59.  CORTNER realleges and incorporates the allegations of paragraphs 1 through 20 above as though fully set forth herein.

60.  DEFENDANTS engaged in discriminatory acts constituting unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code, section 172000 et seq. and section 17500.

61.  CORTNER is informed and believe and thereon alleges that DEFENDANTS intentionally disregarded CORTNER's rights and have thus been unjustly and fraudulently enriched, thereby justifying the imposition of a constructive trust, penalties imposed by statute, attorney fees and damages as may be allowed by law.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against the defendants, as follows:

1. For special damages, in an amount of $50,000, on all Causes of Action;
2. For general damages, including damages for emotional distress and mental anguish, in the amount of $150,000, on all Causes of Action;
3. For punitive and exemplary damages, as allowed by law;
4. For statutory and treble damages as allowed by law;
5. For costs of suit, on all Causes of Action;
6. For attorney fees, on all Causes of Action;
7. For interest, including prejudgment interest at the legal rate, on all causes of action; and
8. For such other and further relief as the court may deem just and proper.

COMPLAINT

9

## JURY DEMAND

Plaintiff CHRISTOPHER CORTNER hereby demands a trial by jury of all claims that are triable to a jury in this action.

Respectfully submitted:

Dated:        November 13, 2008

_____
PAUL BEHREND
Attorney for Plaintiff

---

**COMPLAINT**

10